IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT D. KIZIOR, #200612,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| vs.           ) | Case No. 21-cv-00196-JPG |
| ) | |
| NURSE MARILYNN REYNOLDS,  ) | |
| SERGEANT ETHERTON,           ) | |
| C/O BAKER, and           ) | |
| C/O BAXTER,           ) | |
| ) | |
| Defendants.           ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Scott Kizior, a detainee at Williamson County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, he asserts claims against the defendants for subjecting him to unsafe and unsanitary conditions at the Jail that caused him to contract COVID-19. (*Id*. at 8-9). He also brings claims against the defendants for denying him medical treatment for his symptoms. (*Id*.). Plaintiff seeks money damages. (*Id*. at 10).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-6): When he was detained at Williamson County Jail ("Jail") on December 19, 2020, Plaintiff was exposed to COVID-19. (*Id*. at 6, 8). At the time, there was an active outbreak at the Jail. (*Id*. at 6, 8-9). Even so, no masks, hand sanitizer, or soap were available to prevent the spread of infection. (*Id*.).

Nurse Reynolds was out sick with COVID-19. (*Id*. at 1, 8). When she returned on December 26, 2020, she tested Plaintiff for COVID-19 using a nasal swab. (*Id*.). She did not wear a mask while doing so. (*Id*.). Plaintiff later learned that he tested positive. (*Id*. at 1, 6, 8-9). Although Jail staff were aware of his test results, no one would show him the results. (*Id*.).

Plaintiff repeatedly asked to speak with a sergeant, but his requests were denied for several days. (*Id*. at 2, 6, 8-9). On December 28, 2020, Sergeant Etherton and three other officers finally responded to his request by threatening to shoot him with a taser. (*Id*. at 2, 6).

Plaintiff was then transferred to Cell C-102 on the Jail's quarantine block and left there for sixteen days. (*Id*. at 6, 8-9). During this time, he was denied proper medical care, medication, showers, hand sanitizer, antibacterial soap, laundry,[1] mail, and a phone call. (*Id*.). Officers took Plaintiff's temperature in Celsius and Fahrenheit and told Plaintiff that a temperature of 103.4° was normal; C/O Baker and C/O Baxter were among the officers who took his temperature. (*Id*. at 2). The entire experience caused him to suffer emotional distress. (*Id*. at 9).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

---

[1] Plaintiff alleges that his shirt, socks, and underwear were taken from him and not returned. (Doc. 1, p. 8).

2

| | |
|---|---|
| **Count 1:** | Eighth or Fourteenth Amendment claim against Williamson County Jail for exposing Plaintiff to unconstitutional conditions of confinement that increased his risk of developing COVID-19 beginning December 19, 2020 (*e.g.*, no masks, sanitizer, soap, or other measures taken to decrease exposure to COVID-19). |
| **Count 2:** | Eighth or Fourteenth Amendment claim against Williamson County Jail for taking Plaintiff's shirt, socks, and underwear and giving him nothing to wear in return in December 2020. |
| **Count 3:** | Eighth or Fourteenth Amendment claim against Nurse Reynolds for administering COVID-19 testing without wearing a mask after she returned from sick leave for COVID-19 on December 26, 2020. |
| **Count 4:** | Eighth or Fourteenth Amendment claim against Nurse Reynolds for Plaintiff's 16-day denial of access to medical care, medication, hand sanitizer, antibacterial soap, showers, and proper clothing after he tested positive for COVID-19 in December 2020. |
| **Count 5:** | Health Insurance Portability and Accountability Act ("HIPAA") claim against Williamson County Jail and Nurse Reynolds for revealing the results of Plaintiff's COVID-19 test to correctional officers without showing them to Plaintiff. |
| **Count 6:** | Eighth or Fourteenth Amendment claim against Sergeant Etherton for threatening to shoot Plaintiff with a taser on December 28, 2020. |
| **Count 7:** | Emotional distress claim against Nurse Reynolds and Sergeant Etherton for causing Plaintiff to suffer mental anguish during his 16-day quarantine. |

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### C/O Baker and C/O Baxter

Plaintiff names C/O Baker and C/O Baxter as defendants in the case caption but does not develop a claim against these defendants. In the list of defendants, Plaintiff states that several officers took his temperature in Celsius and Fahrenheit and did not seem to understand what a

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

temperature reading of 103.4° meant. (Doc. 1, p. 2). He then names C/O Baker and C/O Baxter as two of "a few" officers who took his temperature at the Jail. (*Id*.). In the statement of his claim, Plaintiff mentions neither defendant. (*Id*. at 6, 8-9). He also omits them from the designation of his claims. (*Id*. at 8-9). Merely invoking the name of a potential defendant in the case caption is insufficient to state a claim against the defendant. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff has done little more than list these officers as parties to the action. The Complaint states no claim against either one. C/O Baker and C/O Baxter shall be dismissed without prejudice.

### Counts 1 and 2

Williamson County Jail is the only defendant named in connection with Counts 1 and 2, which are two claims for unconstitutional conditions of confinement. To state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law committed a violation of rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). However, the Jail it is not considered a "person" under Section 1983. Moreover, the Jail is not named as a defendant. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Given this, Counts 1 and 2 against Williamson County Jail shall be dismissed with prejudice.

### Counts 3 and 4

The applicable legal standard for Counts 3 and 4 depends on Plaintiff's status as a pretrial detainee or convicted prisoner at the time of the events giving rise to this action. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard

articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claims, if he was a pretrial detainee.  Either way, the allegations suggest that Nurse Reynolds acted in an objectively unreasonable manner or with deliberate indifference in her diagnosis and treatment of Plaintiff for COVID-19 in December 2020 and January 2021.  Counts 3 and 4 survive preliminary review against Nurse Reynolds.

**Count 5**

The Health Insurance Portability and Accountability Act (HIPAA) prohibits the disclosure of a patient's medical information without his consent.  *See* 42 U.S.C. §§ 1320d-1 to d-7.  However, the statute does not expressly create a private right of action to enforce this substantive prohibition, and the Seventh Circuit recently held that HIPAA does not confer individual enforcement rights, either express or implied.  *See Stewart v. Parkview Hospital*, 940 F.3d 1013, 1015 (7th Cir. 2019).  Accordingly, Plaintiff's claim for money damages against Nurse Reynolds for unlawfully disclosing the results of his COVID-19 test shall be dismissed with prejudice.

**Count 6**

Plaintiff has not brought a claim against Sergeant Etherton for threatening to shoot him with a taser, but the Court deems it necessary to address this allegation.  The Seventh Circuit has long held that "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest[,] or deny a prisoner equal protection of the law."  *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000).  Verbal harassment usually triggers no constitutional protections at all.  *Id*.  However, this is not always the case.  Threats of "grave violence" can give rise to a constitutional claim under the Eighth or Fourteenth Amendment, depending upon the circumstances presented.  *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015) (Eighth Amendment claim stated against officer who called inmate "punk, fag,

sissy, and queer" and thereby "increased the likelihood of sexual assaults on him"); *Hughes v. Farris*, 809 F.3d 330 (7th Cir. 2015) (Fourteenth Amendment claim stated against officer who engaged in same type of harassment of pretrial detainee).  The circumstances surrounding Sergeant Etherton's threat to shoot Plaintiff are not described with enough detail to analyze this claim.  The Complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. 544 at 555, 570 (2007).  At best, Plaintiff states a possible claim, not a plausible one.  Therefore, Count 6 against Sergeant Etherton shall be dismissed without prejudice.

### Count 7

Plaintiff's emotional distress claim arises under Illinois state law. This Court has supplemental jurisdiction over the claim because it arises from the same facts as the federal claims. *See* 28 U.S.C. § 1367(a). The Court will therefore consider the merits of this claim against Nurse Reynolds and Sergeant Etherton.

Plaintiff has not indicated whether his claim against these defendants is for intentional or negligent infliction of emotional distress.  Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017).  To state a claim for negligent infliction of emotional distress, a plaintiff must show that: (1) defendants owed him a duty; (2) defendants breached that duty; and (3) plaintiff's injury was proximately caused by that breach. *Roehl v. Merrilees*, 2012 WL 1192093 (N.D. Ill. 2012) (citing *Howell v. Jofe*, 483 F. Supp. 2d 659, 667 (N.D. Ill. 2007) (citing

*Parks v. Kownacki*, 193 Ill.2d 164, 737 N.E. 287, 297 (Ill. 2000)). Beyond stating that he has suffered from mental anguish and emotional distress, Plaintiff does not address the elements of this claim against the defendants. He impermissibly relies on a bald assertion of emotional distress to support his claim. *Ashcroft v. Iqbal*, 556 U.S.C. 662, 678 (2009); FED. R. CIV. P. 8. Count 7 against Nurse Reynolds and Sergeant Etherton shall be dismissed without prejudice.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNTS 3** and **4** survive screening against **MARILYNN REYNOLDS** in her individual capacity. **Pursuant to Administrative Order No. 244, Defendant Reynolds need only respond to the issues stated in this Merits Review Order. Because these claims pertain to medical issues, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the following claims do not survive screening under 28 U.S.C. § 1915A and shall be dismissed:

- **COUNTS 1** and **2** against **WILLIAMSON COUNTY JAIL** are dismissed with prejudice for failure to state a claim.

- **COUNT 5** against **MARILYNN REYNOLDS** is **DISMISSED** with prejudice for failure to state a claim.

- **COUNT 6** against **SERGEANT ETHERTON** is **DISMISSED** without prejudice for failure to state a claim.

- **COUNT 7** against **MARILYNN RENYOLDS** and **SERGEANT ETHERTON** is **DISMISSED** without prejudice for failure to state a claim.

**IT IS ORDERED** that **C/O BAKER**, **C/O BAXTER**, and **SERGEANT ETHERTON** are **DISMISSED** without prejudice. **The Clerk's Office is DIRECTED to TERMINATE all three defendants as parties in CM/ECF.**

7

With regard to **COUNTS 3** and **4**, the Clerk of Court shall prepare for Defendant **MARILYNN REYNOLDS** (individual capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/7/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.