IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SCOTT D. KIZIOR, #200612,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-00196-JPG |
| | ) | |
| **MARILYNN REYNOLDS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court on Defendant Marilyn Reynolds' Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule (12)(b)(6)"). (Doc. 24). Nurse Reynolds seeks dismissal of Counts 3 and 4 against her. For the reasons set forth below, the motion is **DENIED**.

### Background

Plaintiff Scott Kizior filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for deprivations of his rights under federal and state law by the staff at Williamson County Jail ("Jail"). (Doc. 1). In the Complaint, he brought claims against Jail officials for subjecting him to unsafe and unsanitary conditions at the Jail that caused him to contract COVID-19 and denying him medical treatment for his symptoms. (*Id*. at 8-9). He seeks monetary relief. (*Id*.).

Plaintiff alleges that he arrived at the Jail during an outbreak of COVID-19 on December 19, 2020. (*Id*. at 6, 8-9). No masks, hand sanitizer, or soap were available to prevent the spread of infection. (*Id*.). At the time, Nurse Reynolds was out sick with COVID-19. (*Id*. at 1, 8). When she returned to work, she tested Plaintiff for COVID-19 using a nasal swab on December 26, 2020. (*Id*.). Nurse Reynolds did not wear a mask while performing the test. (*Id*.).

1

Plaintiff later learned that he tested positive for COVID-19.  (*Id*. at 1, 6, 8-9).  He was moved into the Jail's quarantine block.  (*Id*. at 6, 8-9).  For sixteen days, he remained there without medical care, medication, showers, hand sanitizer, antibacterial soap, laundry, mail, or phone access.  (*Id*.).  Officers who took his temperature during this time period reported that his 103.4°F temperature was normal.  (*Id*. at 2).  He asked to see the nurse and put in a request for medical assistance, but he was not seen during this time period.  (*Id*.).  This experience caused him to suffer emotional distress.  (*Id*. at 6, 8-9).

On February 19, 2021, Plaintiff filed a Complaint against Nurse Reynolds and other Jail officials.  (Doc. 1).  The Court screened this matter under 28 U.S.C. § 1915A on April 7, 2021.  (Doc. 14).  The following claims survived screening:

> **Count 3:** Eighth or Fourteenth Amendment claim against Nurse Reynolds for administering COVID-19 testing without wearing a mask after she returned from sick leave for COVID-19 on December 26, 2020.
>
> **Count 4:** Eighth or Fourteenth Amendment claim against Nurse Reynolds for Plaintiff's 16-day denial of access to medical care, medication, hand sanitizer, antibacterial soap, showers, and proper clothing after he tested positive for COVID-19 in December 2020.

Counts 3 and 4 were allowed to proceed against Nurse Reynolds in her individual capacity.  (*Id*.).

### Rule 12(b)(6) Motion to Dismiss

On June 7, 2021, Nurse Reynolds filed a Motion to Dismiss both claims against her under Rule 12(b)(6). (Doc. 24)  She argued that her failure to wear a mask when testing Plaintiff for the virus and her subsequent denial of medical care for his symptoms did not amount to deliberate indifference, in violation of the Eighth Amendment, or objectively unreasonable conduct, in violation of the Fourteenth Amendment.  (*Id*.).  Given the incubation period for the virus, she could not have possibly given him COVID-19, and Plaintiff's subsequent denial of medical care occurred without her knowledge.  She seeks dismissal of all pending claims against her in this action.  (*Id*.).

**Response**

On November 29, 2021, Plaintiff filed a Response. (Doc. 30). The Response was inadvertently docketed in connection with another pending motion and dismissed as being moot. (*See* Docs. 30 and 31). Upon review, the Court notes the error. The Court shall vacate its Order (Doc. 31) finding that the Response is moot and consider each of the arguments made by Plaintiff in opposition to the pending motion to dismiss.

In his Response, Plaintiff asserts that Nurse Reynolds' decision not to wear a mask after she was diagnosed with COVID-19 and while testing him for the same condition violated his constitutional rights. (Doc. 30). Her decision to deny him medical care, medication, hand sanitizer, antibacterial soap, showers, and proper clothing for sixteen days after informing him that his COVID-19 test was positive also violated his constitutional rights. Plaintiff clarifies that he was a pretrial detainee, not a convicted prisoner, during the relevant time period. (*Id*.).

**Applicable Legal Standard**

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to set forth detailed factual allegations in support of his claims, but he must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When

considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## **Discussion**

Counts 3 and 4 against Nurse Reynolds are governed by the Fourteenth Amendment Due Process Clause.[1] *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment prohibits all forms of punishment of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To state a claim in this context, a detainee must establish that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353-54. However, negligence or even gross negligence will not suffice to state a claim under the Fourteenth Amendment Due Process Clause. *Id.* at 353.

With regard to Count 3, the allegations, construed liberally in favor of Plaintiff, suggest that Nurse Reynolds purposefully, knowingly, or recklessly failed to don a mask while testing the plaintiff for COVID-19 following her own bout with the illness and that this conduct was objectively unreasonable. Plaintiff learned of his diagnosis with COVID-19 within days of the incident. Given the allegations set forth in the Complaint, the Court cannot discern whether it was Plaintiff's exposure to the nurse during testing or some earlier exposure that led to this diagnosis. The nurse could have returned from sick leave prematurely, for many reasons, and exposed Plaintiff to the airborne virus while she was still contagious. His exposure to the nurse could have also been prolonged during testing, again for various reasons, in a manner that caused him to

---

[1] The Court dispenses with its analysis of these claims under the Eighth Amendment, which prohibits cruel and unusual punishment of convicted persons. In his Response, Plaintiff clarifies that he was a pretrial detainee at all relevant times, triggering application of the Fourteenth Amendment Due Process Clause.

contract the virus from her. The allegations do not delve into detail about the exact testing conditions or events surrounding them, and they need not do so. At this stage, Plaintiff must only set forth enough facts to state a plausible claim against this defendant, based on a liberal construction of the allegations in favor of the plaintiff. The Court previously concluded that the allegations stated a plausible claim in Count 3 against the nurse under Section 1915A, and it reaches the same conclusion when reviewing the matter pursuant to Rule 12(b)(6). The motion to dismiss Count 3 shall be denied.

With regard to Count 4, the allegations also suggest that Nurse Reynolds purposefully, knowingly, or recklessly disregarded Plaintiff's need for medical care, medication, nurse visits, sick call, hand sanitizer, etc. in the sixteen days after he tested positive for COVID-19. (Doc. 1, pp. 2, 8-9). Along with his Complaint, Plaintiff submitted a Request for Medical Care, dated January 1, 2021, in which he complained about the denial of basic medical treatment and medication for COVID-19 following his positive diagnosis and asserting that "medical staff should be in charge" of treating him. (*See id.* at 6). In the statement of his claim, Plaintiff named Nurse Reynolds in connection with his positive diagnosis and subsequent transfer to the quarantine unit, where he allegedly asked to see the nurse and was "never seen" from December 28, 2020 to January 12, 2021. (*Id*. at 8-9). These allegations are sufficient to put Nurse Reynolds on notice of the claims against her and to state a plausible claim for objectively unreasonable conduct in violation of a Fourteenth Amendment Due Process Clause. Nurse Reynolds' motion to dismiss Count 4 shall also be denied.

## Disposition

**IT IS ORDERED** that the Court's Order (Doc. 31) is **VACATED**, and the Court has considered Plaintiff's Response (Doc. 30) filed in opposition to the pending motion to dismiss.

**IT IS ORDERED** that Defendant Marilynn Reynolds' Motion to Dismiss for Failure to State a Claim for Relief Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 24) is **DENIED**. Counts 3 and 4 shall proceed against this defendant in her individual capacity. Nurse Reynolds shall file a timely answer or other responsive pleading to the Complaint (Doc. 1) on or before February 22, 2022. *See* FED. R. CIV. P. 12(a)(4)(A).

**IT IS SO ORDERED**.

**DATED: 2/7/2022**

                 s/J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **United States District Judge**