IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SCOTT D. KIZIOR, #200612, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-00196-JPG |
| | ) | |
| MARILYNN REYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Scott D. Kizior brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Williamson County Jail ("Jail"). (Doc. 1). In the Complaint, Kizior claims that Nurse Marilynn Reynolds ("Nurse Reynolds") exposed him to unsafe jail conditions that caused him to contract COVID-19 and then refused to treat his symptoms. (*Id*. at 8-9). Nurse Reynolds filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies, and Kizior opposes the motion. (*See* Docs. 37 and 40). For the reasons stated below, the motion shall be **GRANTED** and this case **DISMISSED**.

**BACKGROUND**

Kizior filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 19, 2021. (Doc. 1). According to the Complaint, Nurse Reynolds allegedly administered COVID-19 testing without wearing a mask after she returned from sick leave for COVID-19 on December 26, 2020. Kizior "supposedly" tested positive for COVID-19 two days later and was denied access to medical care, medication, hand sanitizer, antibacterial soap, showers, and proper clothing for sixteen days after testing positive. (*Id*.).

Following screening of this matter under 28 U.S.C. § 1915A, Kizior was allowed to proceed with two claims against Nurse Reynolds:

**Count 3:** Eighth or Fourteenth Amendment claim against Nurse Reynolds for administering COVID-19 testing without wearing a mask after she returned from sick leave for COVID-19 on December 26, 2020.

**Count 4:** Eighth or Fourteenth Amendment claim against Nurse Reynolds for Plaintiff's 16-day denial of access to medical care, medication, hand sanitizer, antibacterial soap, showers, and proper clothing after he tested positive for COVID-19 in December 2020.

(Doc. 14).

In the Motion for Summary Judgment, Nurse Reynolds states that Kizior failed to exhaust his available administrative remedies before bringing this lawsuit against her. (Docs. 37-38). Williamson County Jail had an administrative grievance process in place at all relevant times, but Kizior simply did not use it. His jail file contains no grievance forms or requests for grievance forms. Because he did not exhaust his available administrative remedies before bringing this lawsuit, Nurse Reynolds seeks dismissal of both claims against her. (*Id*.).

In Response, Kizior explains that the Jail's grievance process was ineffective because it required inmates to hand a "slip" to an officer who "then in turn just did whatever they wanted with it." (Doc. 40). The paper grievance process was replaced with an electronic grievance system, Kizior argues, because the paper system was flawed. Kizior included a self-described "letter grievance" with his Complaint as evidence of his efforts to exhaust. Finally, Kizior points to his medical records as providing support for his claims against the nurse. On these grounds, he seeks denial of summary judgment. (*Id*.).

## FINDINGS OF FACT

Kizior signed his Complaint against Nurse Reynolds on February 15, 2021. (Doc. 1; Doc. 38, ¶ 4). In it, he complains of constitutional deprivations that occurred at Williamson County Jail

2

less than two months earlier. (*Id*.). Williamson County Jail had a grievance procedure in place during the relevant time period. (*See* Doc. 38-1). Kizior's jail grievance file contains no grievances and no requests for grievance forms. (*Id*. at ¶ 3). He attached a single medical request form to his Complaint. (*Id*. at ¶ 2).

## CONCLUSIONS OF LAW

**A.     Legal Standards**

    1.     Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the plaintiff. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). When deciding a motion for summary judgment on the issue of exhaustion, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 739-42 (7th Cir. 2008). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742). No hearing is required if no material facts are disputed. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal questions"). The instant motion requires no hearing because there are no material facts in dispute.

    2.    <u>Prison Litigation Reform Act</u>

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), governs lawsuits filed by inmates about the conditions of their confinement pursuant to 42 U.S.C. § 1983. The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA to require "proper exhaustion" before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). This means that an inmate must "us[e] all steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Put differently, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

    3.    <u>Williamson County Jail's Grievance Procedure</u>

Williamson County Jail's grievance procedure is set forth in the Williamson County Jail Inmate Handbook as follows:

> **19. Inmate Grievance Procedure**
>
> You must first try to resolve problems with the Housing Officer or inmates before filing an Inmate Grievance Form. If you must file a Grievance, file the Inmate Grievance Form with the Housing Officer to address problems or conflicts.
>
> Inmates are allowed to file grievances when: subjected to a criminal act by another inmate, a prohibited act by a staff member, abuse, harassment, violation of civil rights, or denied privileges without just cause, as specified in this handbook while in custody of the Williamson County Jail.

4

**Grievance steps are as follows:**

Step 1: On the Grievance Form, write a request to the Housing Officer and explain what your grievance is. If your grievance is not resolved, go to Step 2.

Step 2: Write a grievance form request to the Shift Sergeant / Supervisor stating your grievance. Include the name of the officer who already answered the grievance. If the grievance is not resolved, go to Step 3.

Step 3: Write a grievance form request to the Jail Administrator by following the same procedure you did with the Shift Sergeant / Supervisor. If the grievance is not resolved, go to Step 4.

Step 4: Write a request form to the Sheriff by following the same procedure as you did with the Jail Administrator. The Sheriff's decision will be final.

Inmates have 24 hours from the time of an incident to file a grievance and 24 hours from each time a grievance is denied to file the next step.

Note: Inmates, who file a grievance which proves to be false, upon conclusion of the investigation, shall be subject to Disciplinary Action.

(Doc. 38-1, pp. 1-2).

**B.    Analysis**

Kizior did not exhaust his available administrative remedies before filing suit. Had he done so, Kizior would have followed the instructions and deadlines set forth in Williamson County Jail's Grievance Procedure above. He discloses no attempts at informal resolution, and he describes no efforts to file a grievance form with any of the officials described in Steps 1 through 4. He disregarded the grievance process altogether and filed suit instead.

Kizior maintains that he is excused from the PLRA's exhaustion requirement because the Jail's grievance procedure was ineffective. According to him, the officers would take inmate "slips" and do "whatever they wanted" with them during the relevant time period. (Doc. 40). He offers no examples. Kizior instead points to the Jail's transition to an electronic grievance system as evidence of the ineffectiveness of the paper system. Standing alone, this transition is not enough

5

to establish the ineffectiveness of the Jail's grievance process or relieve him of the obligation to use the Jail's grievance process to resolve disputes internally before turning to the Court.

Plaintiff refers to a "letter grievance" that he included with his Complaint. He included a "Request for Medical Care" form dated January 1, 2021. (Doc. 1, p. 6). However, it does not satisfy the PLRA's exhaustion requirement. In it, Kizior states that he "supposedly" tested positive for COVID-19 on or around December 28, 2020, but he was not given the results or treated by a nurse. He did not mention Nurse Reynolds or her failure to wear a mask while testing him, and he did not complain of untreated symptoms of COVID-19. Even if the form constituted a grievance, Kizior mentions the defendant nowhere. He also made no assertion that he submitted to any of the required officials, in compliance with the instructions or deadlines in the Jail's grievance process.

Finally, Kizior's arguments regarding the merits of his claims against this defendant are irrelevant. He cannot proceed past this stage of litigation, unless a genuine issue of material fact precludes summary judgment on the issue of exhaustion. In light of the record, the Court finds that there is no genuine dispute as to any material fact, and Nurse Reynolds is entitled to judgment as a matter of law because Kizior failed to exhaust his available administrative remedies before bringing suit. Counts 2 and 3 shall be dismissed without prejudice against this defendant.

### DISPOSITION

**IT IS ORDERED** that Defendant Marilynn Reynolds' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 37) is **GRANTED**, and **COUNTS 3** and **4** against **MARILYNN REYNOLDS** are **DISMISSED** without prejudice. Because no other claims remain pending, this action is **DISMISSED**.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 11/28/2022**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**